**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ERIC X. RAMBERT, | ) | |
| | ) | Civil Action No. 17 – 42E |
| Petitioner, | ) | |
| | ) | District Judge David S. Cercone |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| MICHAEL OVERMYER, Warden, *et al*., | ) | |
| | ) | |
| | ) | |
| Respondents. | | |

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the Petition for Writ of

Habeas Corpus filed by Petitioner Eric X. Rambert (ECF No. 9) be denied, that a Certificate of

Appealability be denied, and that his Motion for a Temporary Restraining Order or Preliminary

Injunction (ECF No. 17) also be denied.

**II.    REPORT**

Before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Eric X.

Rambert ("Petitioner") pursuant to 28 U.S.C. § 2241.  (ECF No. 9.)  Petitioner is currently

incarcerated at the State Correctional Institution in Fayette, Pennsylvania, and he seeks habeas

relief based on a claim that the Pennsylvania Board of Probation and Parole ("the Board") is

improperly requiring him to serve his unexpired maximum sentence of June 2, 2033.  For the

following reasons, the Petition for Writ of Habeas Corpus should be denied along with the

1

Motion for a Temporary Restraining Order or Preliminary Injunction, which is very similar to the allegations in his habeas petition: aggregation of sentences, being held under false imprisonment and unlawful restraint.

## A. Background

On November 21, 1983, Petitioner pled guilty to rape and burglary in the Court of Common Pleas of Philadelphia County. (ECF No. 14-3, pp.73-75, Ex. C, Sentence Status Summary). He was sentenced by Judge McCrudden to a ten (10) to twenty-five (25) year term of imprisonment, effective June 2, 1983. Id.

On November 10, 1987, while incarcerated for the prior crimes, Petitioner was found guilty by Judge Dauer of the Court of Common Pleas of Allegheny County of assaulting another inmate, rioting, and criminal conspiracy. Id. Judge Dauer sentenced Petitioner to a six (6) to twenty-five (25) year term of imprisonment, to run consecutively with Petitioner's prior sentence. Id. Accordingly, the Department of Corrections ("DOC") aggregated Petitioner's sentences, resulting in a June 2, 1999 minimum date and a June 2, 2033 maximum date.

On April 19, 2016, the Board of Probation and Parole reviewed, and denied, Petitioner's application for parole and informed him that he is "to serve his unexpired maximum sentence 06/02/2033, or to be reviewed earlier, if recommended by department of correction/county prison staff due to appropriate adjustment and program completion." (ECF No. 9-1, p.2, Ex. A, Notice of Board Decision.)[1]

---

[1] Petitioner was also denied parole by the Board on April 2, 2013, March 24, 2014, and April 19, 2016. (ECF No. 14-3, pp. 120-26, Ex. G, Notice of Board Decisions.)

B. **Discussion**

Petitioner claims that the Board is improperly requiring him to serve an aggregate sentence of sixteen (16) to fifty (50) years of imprisonment. While his Petition is somewhat confusing, he appears to argue that his 10-year minimum sentence stemming from his 1983 case expired on June 2, 1993; and, after that, he should have been "constructively" paroled on his original sentence while starting his 1987 sentence of six (6) to twenty-five (25) years. He argues that he simultaneously served the remaining fifteen (15) years of his 1983 sentence during this time, and but for Respondents improperly denying him constructive parole, his current maximum should be June 2, 2018, not June 2, 2033, as is currently recorded.

Petitioner made a similar challenge to his sentence calculation in a Petition for Writ of Habeas Corpus that he filed in 2011 in the Middle District of Pennsylvania, docketed at CA No. 3:CV-11-1370, during which time he was incarcerated in the State Correctional Institution, Coal Township, Pennsylvania. (ECF No. 14-1, Ex. A, Petition for Writ of Habeas Corpus); Rambert v. Shannon, No. 3:CV-11-1370, ECF No. 1 (M.D. Pa. June 3, 2011). In his Memorandum, Judge William J. Nealson addressed Petitioner's claim as follows:

> Under Pennsylvania law, the aggregation of consecutive sentences is automatic and mandatory. Anderson v. Board of Probation and Parole, No. 03-4655, 2004 WL 286870, *1 (E.D. Pa. Feb. 12, 2004); Commonwealth ex rel. Smith v. Department of Corrections, 829 A.2d 788 (Pa. Cmwlth. 2003); Gillespie v. Cmmw. Dep't of Corr., 527 A.2d 1061 (Pa. Commw. Ct. 1987).
>
> Pursuant to 42 Pa. Cons. Ann. § 9757, entitled "Consecutive Sentences of Total Confinement for Multiple Offenses:"
>
> > Whenever the court determines that a sentence should be served consecutively to one being then imposed by the court, or to one previously imposed, the court **shall** indicate the minimum sentence to be served for the total of all offenses with respect to which the sentence is imposed. Such minimum sentence **shall** not exceed one-half of the maximum sentence imposed.

3

(emphasis added).  "The term 'shall' rather than 'may' imports the mandatory, rather than discretionary, nature of the statute."  Gillespie, 527 A.2d at 1065.  Where, as in the instant case, a sentencing judge specifies that the sentence imposed shall run consecutively to a defendant's preexisting sentence, but fails to specify the total aggregated minimum sentence as required by 42 Pa. Con. Stat. Ann. § 9757, the aggregation of those consecutive sentences still occurs "by necessary implication[.]"  Id.  Therefore, although Petitioner's sentencing judge failed to order that Petitioner's second sentence be aggregated with Petitioner's first sentence, that aggregation still occurred under Pennsylvania law.

Pennsylvania courts have interpreted section 9757 to require "the aggregation and preservation of the maximum terms of the consecutive sentences . . . [because, i]n so doing, both the minimum and maximum terms of each sentence are preserved."  Gillespie, 527 A.2d at 1065 (citations omitted).  Petitioner's first sentence was ten to twenty-five years.  Petitioner's second sentence, ordered to run consecutively with his first sentence, was six to twenty-five years.  By operation of section 9757, Petitioner's aggregated sentence was sixteen to fifty years, giving him a maximum release date in 2033.  This sixteen to fifty year sentence became effective when Petitioner received his second sentence in 1987.  Therefore, Petitioner's argument that the DOC "did not have subject matter jurisdiction to change Petitioner's sentence", is without merit because the Department merely corrected their records to accurately reflect Petitioner's lawfully imposed total aggregated sentence.

(ECF No. 14-2, Ex. B, Memorandum Dismissing Federal Habeas Corpus Petition); Rambert v. Shannon, No. 3:CV-11-1370, 2012 WL 3137893, at *2-3 (M.D. Pa. Aug. 1, 2012).

In the instant case, Petitioner's main argument is premised on the fact that he was automatically placed on "constructive" parole and began serving his second sentence on June 2, 1993.  In support of his position, he makes several of the same arguments that were rejected by Judge Nealson in his August 1, 2012 Opinion.  He again argues that Judge Dauer's sentencing order did not indicate a sixteen (16) year minimum term and that neither the Parole Board nor the DOC had authority to aggregate his sentences because that authority lies only with the courts.  These arguments should be rejected for the same reasons set forth by Judge Nealson and do not need to be repeated herein.  Moreover, the DOC is charged with faithfully implementing

4

sentences imposed by the courts, and it had to aggregate Petitioner's two sentences.  *See* McCray

v. Department of Corrections, 872 A.3d 1127 (Pa. 2005).  Additionally, federal courts have long

held that the aggregation of the minimum and maximum sentences does not present a

constitutional issue.  *See* United States ex rel. Monk v. Maroney, 378 F.2d 55, 55 (3d Cir. 1967)

("Construing the Act [providing for the aggregation of sentences] . . . we can discern no issue of

constitutional dimension which is essential to Federal habeas relief.")

Petitioner next argues that his 1983 negotiated plea with the District Attorney's Office

was a "contract" and was the Commonwealth's promise of a specific minimum sentence that

amounted to a definite term of total confinement.  He claims that he negotiated the plea based on

the clear language of 42 Pa. C.S.A. § 9721 and § 9756, which he claims gave him a right to be

turned over to parole, or to a new sentence, after the expiration of the contracted definite

minimum term.  Petitioner is incorrect.  Not only is there no constitutional or inherent right to

parole in Pennsylvania, *see* Commonwealth v. Stark, 698 A.2d 1327, 1333 (Pa. Super. 1997),

Petitioner's argument is also foreclosed by Gillespie v. Commw. Dep't of Corr., 527 A.2d 1061

(Pa. Commw. Ct. 1987), wherein the Commonwealth Court stated the following:

> The Board did not abuse its discretion when it refused to consider
> Gillespie for parole prior to the expiration of his aggregated minimum term.
> Section 21 of the Parole Act expressly prohibits the Board from granting parole to
> any prisoner prior to the expiration of the prisoner's minimum term.

Gillespie, 527 A.2d at 1066.  *See also* Gauche v. Walsh, 2015 WL 5446414, at *2-3 (Pa.

Commw. Ct. June 25, 2015) (the Board was without jurisdiction to constructively parole the

petitioner in July 1991 because they were required to aggregate the petitioner's consecutive

sentences at the time they were imposed and the correct minimum date of the petitioner's

aggregated sentence was December 1, 2000); Nickson v. Com. Bd. of Probation and Parole, 880

5

A.2d 21, 24 (Pa. Commw. Ct. 2005) (the Board lacks authority to adjust the dates of the petitioner's aggregated sentence and it cannot parole him until his aggregated minimum sentence expires). Contrary to Petitioner's assertions, when consecutive sentences are aggregated, the unexpired maximum of the first sentence does not run concurrently with the minimum of the second sentence. Also, Petitioner's argument that Gillespie somehow does not apply to him, and only those prisoners already in state custody and who would be returning to the county on a detainer, is patently incorrect.

Finally, Petitioner's argument that the Respondents are without authority to aggregate his sentences and their doing so violates his double jeopardy rights is unpersuasive and has already been rejected. *See* Forbes v. Diguglielmo, 2012 WL 669458, at *6-7 (E.D. Pa. Feb. 29, 2012). The constitutional prohibition against double jeopardy protects an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense. United States v. DiFrancesco, 449 U.S. 117 (1980). In this respect, double jeopardy preserves the finality of an original sentence. Id. Here, however, no court altered Petitioner's original sentence; it was simply re-calculated pursuant to Pennsylvania law which requires the aggregation of consecutive sentences.

Petitioner has also filed a Motion for a Temporary Restraining Order or Preliminary Injunction. The allegations in that Motion are primarily on point with the allegations of his habeas petition: aggregation of sentences, being held under false imprisonment and unlawful restraint. Therefore, the same analysis as set forth above would apply. The remaining allegations of the Motion are that the DOC is sabotaging his mail and telephone conversations. He makes allegations about being placed in administrative custody due to misconduct charges. This is a similar argument to the one he made in Civil Action No. 16-270, and has already been

6

addressed by the Court.[2]  When transferred to SCI-Fayette, he claims that he was again placed in administrative custody and not receiving his earned privileges.  On December 8, 2017, he was denied the ability to go through his legal work.  There are certain phone numbers he is being blocked from calling or people who are being prevented from calling him.  He asks that he be released to a halfway house and that the Court stop all further harassment, issue his legal materials, properties and earned privileges and stop tampering with outgoing communications. None of these allegations support a finding of immediate or irreparable harm.  *See* American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421, 1426-27 (3d Cir. 1994) ("[T]he grant of injunctive relief is an extraordinary remedy . . . which should be granted only in limited circumstances.") (quoting Frank's GMC Truck Center, Inc. v. General Motor Corp., 847 F.2d 100, 102 (3d Cir. 1988)), *cert*. *denied*, 514 U.S. 1103 (1995)); United States v. Stazola, 893 F.2d 34, 37 n.3 (3d Cir. 1990) (The facts clearly must support a finding that immediate and irreparable injury will result to the movant if preliminary relief is denied.); Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989), *cert*. *denied*, 493 U.S. 848 (1989) (The plaintiff bears the burden of establishing a "clear showing of immediate irreparable injury.") (quoting ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987) (internal quotation omitted)); ECRI, 809 F.2d at 226 (it is not enough to merely show irreparable harm: the plaintiff has the burden of showing immediate irreparable injury, which is more than merely serious or substantial harm and which cannot be redressed with money damages).

---

[2] At civil action number 16-270, Petitioner filed a Petition for Injunctive Relief pursuant to § 2241.  In that case, Petitioner was asking that the Court remove him from the Restricted Release List and transfer him to another facility.  This request was dismissed by the Court.

7

For all of the above reasons, the Motion for Injunction (ECF No. 17) should be denied as well.

### C. **Certificate of Appealability**

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying this standard here, a Certificate of Appealability should be denied.

### D. **CONCLUSION**

For the reasons set forth above, it is respectfully recommended that the Petition for Writ of Habeas Corpus filed by Petitioner Eric X. Rambert (ECF No. 9) be denied, that a Certificate of Appealability be denied, and that his Motion for a Temporary Restraining Order or Preliminary Injunction (ECF No. 17) also be denied.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, Petitioner shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto.  Petitioner's failure to file timely objections will constitute a waiver of his appellate rights.

Dated:  February 1, 2018.

Lisa Pupo Lenihan
United States Magistrate Judge

cc:  Eric X. Rambert

AM-9223
SCI Fayette
P.O. Box 9999
LaBelle, PA  15450

Counsel of record
*Via CM/ECF electronic mail*